# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Victoria Kozlowski,<br><br>    Plaintiff,<br><br>v.<br><br>Advanced Capital Solutions, Inc.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Victoria Kozlowski ("Victoria"), is a natural person who resided in Hopkins, Minnesota, at all times relevant to this action.

2. Defendant, Advanced Capital Solutions, Inc. ("ACS"), is an Ohio corporation that maintained its principal place of business in North Canton, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq.

1

("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, ACS collected consumer debts.

7. ACS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of ACS's revenue is debt collection.

9. ACS has a history of violating Federal and State law.

10. In 2020, the Ohio Attorney General filed an unprecedented lawsuit against ACS for repeated violations of Federal and State collection laws. *State of Ohio ex rel. Attorney General Dave Yost v. Advanced Capital Solutions, Inc*. 2020 CV 1259, Common Pleas, Stark County, Ohio.

11. The Ohio Attorney General's lawsuit against ACS was part of a joint state and federal initiative aimed at protecting consumers from abusive debt collectors seeking to collect non-existent debts.

12. The Ohio Attorney General proved that ACS had an established history of attempting to collect debts that were discharged in bankruptcy through aggressive and abusive means.

13. As described, infra, despite resolving that case with the Ohio Attorney General through Consent Judgment, as outlined below, ACS is continuing its illegal behavior.

14. ACS meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases).*

15. As described, *infra*, ACS contacted Victoria to collect a debt that was incurred primarily for personal, family, or household purposes.

16. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Victoria is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Years ago, Victoria incurred a debt with Comenity Bank.

19. Because of an economic hardship, Victoria was unable to pay the debt and sought the protection of the United States Bankruptcy Court.

20. In 2016, Victoria filed a Chapter 13 Bankruptcy in the Northern District of Ohio.

21. Victoria's attorney listed Comenity Bank as a creditor in Victoria's Bankruptcy and sent Comenity Bank notice of the Bankruptcy filing.

22. On September 22, 2020, Victoria received her Bankruptcy discharge.

23. On a date known by ACS, Comenity Bank sold Victoria's debt to DNF Associates ("DNF").

24. After purchasing the debt, and after the debt was discharged, DNF sent the account to a collection agency to demand payment from Victoria on the discharged debt.

25. In 2021, Victoria threatened suit against DNF and the collection agency it hired for its attempt to collect a discharged debt.

26. In or around late 2021, the threatened litigation was resolved.

27. On a date known by ACS, after that dispute was resolved, DNF sent the discharged debt to another collection agency, this time, ACS.

28. ACS and DNF knew, or should have known, that Victoria was represented by counsel.

29. ACS and DNF knew, or should have known, that Victoria received her Bankruptcy discharge.

30. Shortly thereafter, ACS began contacting Victoria and again demanded that Victoria pay the discharged debt.

31. In those communications, ACS advised Victoria that the debt that she discharged in Bankruptcy was still owed.

32. Victoria does not owe DNF or ACS any money.

33. After receiving several demands for payment, Victoria retained counsel to initiate litigation against ACS.

34. Once Victoria hired an attorney, Victoria contacted ACS to advise them that the account was discharged in Bankruptcy and to provide them notice of additional legal representation.

35. Despite this, without attempting to reach Victoria's attorney, ACS continued to communicate directly with Victoria and continually demanded payment on the account.

36. ACS's policies and procedures for processing accounts received from their clients fails to identify consumers who have filed Bankruptcy and therefore results in the intentional harassment of undeserving consumers like Victoria.

37. ACS's policies and procedures violate the FDCPA.

38. ACS's collection efforts caused Victoria concrete harm in the form of frustration, annoyance, aggravation and anxiety.

39. ACS's collection efforts also intruded upon Victoria's privacy and constituted libel.

40. ACS's collection efforts violated the United States Bankruptcy Code.

41. ACS's collection efforts violated the Consent Order reached with the Ohio Attorney General.

42. ACS's illegal debt collection forced Victoria to lose time by having to refute ACS's demand for payment on a debt she did not owe.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**
15 U.S.C. § 1692c

43. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

44. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**
15 U.S.C. § 1692d

45. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

46. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

47. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

48. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v.*

5

*Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

49. Defendant's policies and procedures for handling accounts discharged in Bankruptcy, as described, *supra*, and as litigated by the Ohio Attorney General, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

50. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

51. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

52. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

### COUNT THREE

**Violation of the Fair Debt Collection Practices Act**
15 U.S.C. § 1692e

53. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

54. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

### COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**
15 U.S.C. § 1692f

55. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

56. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT FIVE

**Violation of the Ohio Consumer Sales Practices Act**
**Non-Compliance with FDCPA**

57. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

58. Defendant committed unfair or deceptive, and unconscionable acts or practices in violation of the OCSPA, R.C. 1345.01(A) and R.C. 1345.03(a), by using debt collection methods that violate the FDCPA.

59. Such acts or practices have been previously determined by Ohio courts to violate the OCSPA, R.C. 1345.01 *et seq*. Defendant committed said violations after such decisions were available for public inspection pursuant to OCSPA, R.C. 1345.05(A)(3).

60. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## COUNT SIX

**Violation of the Ohio Consumer Sales Practices Act**
**False, Misleading, or Deceptive Representations**

61. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

62. Defendant committed unfair or deceptive, and unconscionable acts or practices in violation of the OCSPA, R.C. 1345.02(A) and R.C. 1345.03(A), by making false, misleading, or deceptive representations in connection with the collection of a debt.

63. Such acts or practices have been previously determined by Ohio courts to violate the OCSPA, R.C. 1345.01 *et seq*. Defendant committed said violations after such decisions were available for public inspection pursuant to OCSPA, R.C. 1345.05(A)(3).

## COUNT SEVEN

**Violation of the Ohio Consumer Sales Practices Act**
**Non-Compliance with FDCPA**

64. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 42 above as if fully set forth herein.

65. Defendant committed unfair or deceptive, and unconscionable acts or practices in violation of the OCSPA, R.C. 1345.01(A) and R.C. 1345.03(a), by using debt collection methods that violate the FDCPA.

66. Such acts or practices have been previously determined by Ohio courts to violate the OCSPA, R.C. 1345.01 *et seq*. Defendant committed said violations after such decisions were available for public inspection pursuant to OCSPA, R.C. 1345.05(A)(3).

67. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

68. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

69. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   December 5, 2022

By:/s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com
Ohio Bar No. 0079315

*Attorney for Plaintiff*